| STATE OF NORTH CAROLINA | File No. 21-CVS-2476 |
|---|---|
| IREDELL County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff | |
|---|---|
| AMY RHINEHARDT CRAVEN, as Administratrix of the Estate of CHRISTOPHER KIMMONS CRAVEN | **CIVIL SUMMONS** |
| Address | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| c/o J. Alexander Heroy | |
| City, State, Zip | |
| 525 N. Tryon Street, Ste. 700, Charlotte, NC 28202 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name of Defendant(s) | Date Original Summons Issued |
| CHRISTOPHER NOVELLI, invidiually and in his official capacity as Officer of the Mooresville Police Department, ALEXANDER ARNDT, individually and in his official capacity as Officer of the Mooresville Police Department, and the TOWN OF MOORESVILLE | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| CHRISTOPHER NOVELLI<br>154 AVALON PARK CIR., APT 202<br>MOORESVILLE, NORTH CAROLINA 28117 | ALEXANDER ARNDT<br>675 BROWN ROAD<br>CHINA GROVE, NORTH CAROLINA 28023 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued 9.7.21 | Time 12:08 ☐ AM ☒ PM |
|---|---|---|
| J. Alexander Heroy, Esq.<br>James, McElroy and Diehl, P.A.<br>525 N. Tryon Street, Suite 700<br>Charlotte, North Carolina 28202 | Signature _Megn Williams_ | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts
(Over)

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative of the Courts

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF IREDELL                                21-CVS-2476

2021 SEP -7 P 12:08
IREDELL CO., C.S.C.

AMY RHINEHARDT CRAVEN, as
Administratrix of the Estate of
CHRISTOPHER KIMMONS CRAVEN,

       Plaintiff,

v.

CHRISTOPHER NOVELLI, individually            COMPLAINT
and in his official capacity as Officer of
the Mooresville Police Department,
ALEXANDER ARNDT, individually and
in his official capacity as Officer of the
Mooresville Police Department, and the
TOWN OF MOORESVILLE,

       Defendants.

Plaintiff, Amy Rhinehardt Craven, as Administratrix of the Estate of Christopher Kimmons Craven, by and through counsel, complaining of Defendants, Christopher Novelli, individually and in his official capacity as an Officer of the Mooresville Police Department, Alexander Arndt, individually and in his official capacity as Officer of the Mooresville Police Department, and the Town of Mooresville (collectively referred to hereinafter as "Defendants"), alleges and says as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Amy Rhinehardt Craven (hereinafter "Plaintiff") is an adult citizen and resident of Iredell County, North Carolina. At all times pertinent herein, Plaintiff was the wife of the decedent, Christopher Kimmons Craven (hereinafter "Decedent" or "Chris") and she is now the duly qualified administratrix of Decedent's estate.

2. Decedent was a citizen and resident of Iredell County, North Carolina, at the time of his death.

3. Upon information and belief, Defendant Officer Christopher Novelli (hereinafter "Officer Novelli") is an adult citizen and resident of Iredell County, North Carolina. At all times pertinent to the allegations alleged in this Complaint, Officer Novelli was a police officer with the Mooresville Police Department and an agent and employee of the Defendant Town of Mooresville. Officer Novelli is sued in his individual capacity under state law for conduct that was intentional, deliberate, malicious, willful and wanton, and exhibited a reckless disregard for Decedent's rights and safety, losing any public officer immunity he might assert in defense of his conduct. In the

1

alternative, Officer Novelli is sued in his official capacity under state law for the negligent use of force that was excessive and unreasonable under the circumstances, in violation of 42 U.S.C. § 1983 and N.C.G.S. §15A-401(d)(2).

4. Upon information and belief, Defendant Officer Alexander Arndt (hereinafter "Officer Arndt") is an adult citizen and resident of Iredell County, North Carolina. At all times pertinent to the allegations alleged in this Complaint, Officer Arndt was a police officer with the Mooresville Police Department and an agent and employee of the Defendant Town of Mooresville. Officer Arndt is sued in his individual capacity under state law for conduct that was intentional, deliberate, malicious, willful and wanton, and exhibited a reckless disregard for Decedent's rights and safety, losing any public officer immunity he might assert in defense of his conduct. In the alternative, Officer Arndt is sued in his official capacity under state law for the negligent use of force that was excessive and unreasonable under the circumstances, in violation of 42 U.S.C. § 1983 and N.C.G.S. §15A-401(d)(2).

5. Defendant Town of Mooresville (hereinafter the "Town") is a municipal corporation in Iredell County, North Carolina, duly chartered under the laws of the State of North Carolina. It maintains and operates pursuant to its charter a police force called the Mooresville Police Department (hereinafter "MPD"). The Town of Mooresville bears legal responsibility for acts and omissions of the MPD and its police officers that occur in the course of any officer's employment as a MPD police officer and agent of the City.

6. Upon information and belief, the Town has waived governmental immunity that might otherwise apply to the negligence claim in this case. Upon information and belief the Town has purchased insurance, either by contract with an insurance company or by participation in an insurance risk pool, that covers the claims raised in this action, and has thereby waived any defense of sovereign or governmental immunity. Furthermore, and upon information and belief, Defendants have waived sovereign immunity through the purchase of one or more policies of liability insurance pursuant to N.C.G.S. § 153A-435, by purchasing a bond pursuant to N.C.G.S. § 162-8, and/or by participating in a local government risk pool pursuant to N.C.G.S. § 58-23-5.

7. The Superior Court of Iredell County, North Carolina has jurisdiction over the parties and subject matter of this action.

8. Venue is proper in Iredell County because this is where the cause of action alleged in this Complaint arose.

9. This is an action to recover money damages resulting from the negligence, gross negligence and intentional conduct of Defendants, as well as the assault, battery, and wrongful death of Christopher Kimmons Craven, whose death occurred, as a result of gunshot wounds intentionally fired at him by Officers Novelli and Arndt, on August 2, 2020 in Iredell County, North Carolina.

10. The amount in controversy exceeds $25,000.

## FACTUAL ALLEGATIONS

11. On April 5, 2007, Plaintiff married Chris.

12. Plaintiff and Chris have three children together. Chris was the primary caregiver for the two minor children. Chris financially supported and nurtured the children, contributing towards the children's education, growth and development.

13. On the evening of August 2, 2020, Chris was experiencing a mental health crisis as a result of ongoing issues with depression and anxiety, for which he had been approved for FMLA leave just two days before.

14. On August 2, 2020, and at all pertinent times alleged in this Complaint, Officers Novelli and Arndt were employed as uniform police officers by the Town.

15. On August 2, 2020, and at all pertinent times alleged in this Complaint, the Town had issued Officers Novelli and Arndt firearms for use in their job as officers. Officer Novelli's and Officer Arndt's possession and use of the firearm was with the actual knowledge, consent and permission of the Town.

16. On August 2, 2020, Officers Novelli and Arndt were on duty for the MPD.

17. At approximately 9:29 p.m., Chris's oldest daughter placed a 911 call to Iredell County Emergency Communications at approximately. She reported that Chris was threatening to commit suicide.

18. Multiple officers with MPD deployed to the scene. The dispatcher reported to the officers that Chris was suicidal, had a concealed carry permit, and may have a gun in his possession.

19. Dispatch also notified officers as they approached the house – including Officers Novelli and Arndt – that no shots had been fired.

20. After parking down the street, at least half a dozen officers approached Chris' house from all sides.

21. As the officers approached, Chris rose from where he sat on his front steps. Chris then descended his front steps, shoeless and shirtless, and began to proceed down his sidewalk towards a camper parked in the family's driveway.

22. Officers immediately began yelling at Chris to put his hands up and shined the lights on their assault rifles at him.

23. Chris immediately complied and raised his hands.

24. Officers then yelled for Chris to get on the ground.

3

25. Chris began to put his hands down, as ordered, when Officer Novelli abruptly and without warning immediately shot Chris, firing more than 10 shots at close range with his high-powered rifle.

26. As Officer Novelli began shooting Chris, Officer Arndt also began firing his rifle at Chris.

27. Officers Novelli and Arndt fired dozens of rounds at Chris. Approximatey twenty bullets struck Chris' body, hitting him in the chest, abdomen, shoulder, and extremities. Numerous other rounds penetrated the house where Plaintiff and her three children were, blasting into the brick and through the windows, door, and walls. One bullet struck a fire extinguisher inside the house, causing it to explode.

28. After being shot by Officers Novelli and Arndt, Chris was pushed backwards a couple of steps, then fell to the ground, motionless and bleeding.

29. The rounds fired by Officers Novelli and Arndt caused significant and ultimately fatal injuries to Chris.

30. A total of four seconds elapsed from the time the first officer instructed Chris to put his hands up, then get on the ground, and when Officer Novelli began firing at Chris.

31. During those four seconds, Chris did not threaten any of the officers, did not approach or get close to any officer, made no attempt to flee or resist arrest, or make any hostile gesture or statement to the officers.

32. During those same four seconds, neither Officer Novelli, Officer Arndt, nor any other MPD officer asked Chris whether he was armed, whether he was okay, or whether he needed help.

33. Two separate autopsies of Chris's body were performed in the days following his death, both of which determined that Chris was killed by multiple gunshot wounds.

34. Chris had not committed, nor was he in the process of committing, any criminal act which would threaten the safety or welfare of anyone that would justify Officer Novelli's or Officer Arndt's use of deadly force.

35. A firearm was located several feet behind Chris' body after he was killed. At no point, did Chris pull out a weapon or gun at any officer, much less point it at anyone, endanger or fire any shot at officers.

4

# FIRST CAUSE OF ACTION
## [Violation of 42 U.S.C. § 1983]

36. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

37. Officers Novelli and Arndt are liable in their official capacities as employees of the Town.

38. This cause of action is brought against Defendants Town and Officers Novelli and Arndt, in their individual and official capacities, for excessive use of force. Officers Novelli and Arndt used excessive force in shooting and killing Chris, in violation of the Fourth Amendment's right to be free from unreasonable seizures.

39. Officer Novelli's and Officer Arndt's use of force on Chris was objectively unreasonable. Rather, Officers Novelli and Arndt inflicted unnecessary and wanton pain, suffering, and death upon Chris by shooting him four seconds after ordering him to raise his hands and get on the ground, despite the fact that Chris had not made any attempt to threaten or harm the Officers and had not fired any weapon.

40. Officers Novelli and Arndt's use of force violated clearly established statutory or constitutional rights of which a reasonable person in their position would have known.

41. Officers Novelli and Officer Arndt's misconduct described herein is imputed to the Town under agency principles, vicarious liability, and the doctrine of *respondeat superior*.

42. In addition, the Town failed to implement adequate policies with respect to the proper use and application of deadly force, de-escalation, and how to interact with and respond to citizens experiencing a mental health crises and threatening suicide.

43. The Town further failed to adequately train and instruct officers such as Officers Novelli and Arndt in the proper use and application of deadly force, de-escalation, and how to interact with and respond to citizens experiencing a mental health crises and threatening suicide.

44. Defendants' actions and omissions were made under color of state law.

45. As a direct and proximate result of Officer Novelli's and Officer Arndt's excessive use of force described in more detail above, Chris was forced to endure extreme pain, suffering, and ultimately the loss of his life, together with a total deprivation of his rights guaranteed him by the Constitution of the United States of America, including but not limited to, his right under the Fourth Amendment to be free from unreasonable seizures.

46. Plaintiff is entitled to recover from Defendants, jointly and severally, an amount in excess of $25,000 as a result of Defendants' violations of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### [Negligence / Gross Negligence]

47. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

48. Officers Novelli and Arndt owed a legal duty under N.C.G.S. § 15A-401(d)(2) to use only a level of force that was reasonable and necessary under the circumstances. Officers Novelli and Arndt breached this duty by the way they grossly mishandled the events on August 2, 2020 and used deadly force against Chris.

49. Officers Novelli and Arndt, individually and in their official capacity as officers for the Town, were negligent or grossly negligent at the time and place alleged hereinabove, in at least the following particulars:

   a. Officers Novelli and Arndt failed to give Chris an opportunity to comprehend the situation and comply with commands before using excessive force;

   b. Officers Novelli and Arndt used deadly forced against Chris when they knew, or reasonably should have known, that the use of deadly force was not necessary;

   c. Officers Novelli and Arndt negligently used excessive force against Chris, when such force was not justified under the circumstances;

   d. Officers Novelli and Arndt used deadly force against Chris when Chris never threatened or used any force, much less deadly force, against anyone;

   e. Officers Novelli and Arndt fatally escalated the situation, rather than de-escalating their interaction with Chris;

   f. Officers Novelli and Arndt negligently and recklessly discharged their firearms at least fifteen times in the direction of a house which they knew, at the time, contained at least four innocent bystanders; and

   g. Officer Novelli and Officer Arndt gave conflicting orders and shot and killed Chris as he was attempting to follow their orders.

50. Either the Town failed to properly train Officers Novelli and Arndt consistent with MPD rules and regulations, or they completely ignored them in aggressively shooting and killing Chris.

51. The negligent acts and omissions of Officers Novelli and Arndt, as described hereinabove, were the sole and proximate cause of Chris's tragic death.

52. The acts and omissions of Officers Novelli and Arndt, as described hereinabove, were willful, wanton and/or reckless, and amount to gross negligence.

53. Officers Novelli and Arndt are not entitled to qualified immunity for the reasons set forth herein;

54. Officers Novelli and Arndt acted with conscious and intentional disregard and indifference to the rights and safety of others, including Chris.

55. Officers Novelli and Arndt was aware of the probable consequences of their conduct in recklessly discharging their firearms as described above, due to the likelihood that their conduct was reasonably likely to result in injury or death to others, including Chris.

56. The negligence of Officers Novelli and Arndt is imputed by law to the Town by reason of Officer Novelli's and Officer Arndt's agency relationship with, and employment by, the Town at the time and place the incident occurred, under the doctrine of *respondeat superior*.

57. But for Officer Novelli's and Officer Arndt's aggressive acts, the shooting would not have occurred, and Chris would not have been killed.

58. As set forth more fully above, Officers Novelli and Arndt had the last clear chance and opportunity to prevent the tragic death of Chris.

59. Plaintiff is entitled to recover from Defendants, jointly and severally, an amount in excess of $25,000 as a result of Defendants' negligence, gross negligence, and/or willful and wanton negligence.

### THIRD CAUSE OF ACTION
### [Assault and Battery]

60. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

61. Officers Novelli and Arndt, individually and in their official capacity as officers for the Town, pointed a firearm at Chris and, unjustifiably, used deadly force against Chris, which force was excessive under the circumstances.

62. Officer Novelli's and Officer Arndt's intentional acts, as described more fully hereinabove, put Chris in actual, subjective apprehension of imminent harmful or offensive conduct.

63. Chris's apprehension was objectively reasonable under the circumstances that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful or offensive contact was about to occur.

64. Officer Novelli's and Officer Arndt's intentional act of shooting Chris constituted a harmful or offensive contact with Chris.

65. Officer Novelli's and Officer Arndt's actions proximately caused the harmful or offensive contact with Chris.

7

66. Chris did not consent to contact with Officers Novelli or Arndt.

67. Defendants are jointly and severally liable for maliciously assaulting and battering Chris, in an amount to be determined by a jury, but believed to be in excess of $25,000.

## FOURTH CAUSE OF ACTION
[Wrongful Death of Christopher Kimmons Craven]

68. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

69. The acts and omissions of Officers Novelli and Arndt, as described hereinabove, were the sole and proximate cause of the injuries sustained by Chris that led to his wrongful death.

70. The Town is liable for the acts and omissions of Officers Novelli and Arndt under the doctrines of *respondeat superior* and agency, either express or implied.

71. All Defendants are jointly and severally liable to Plaintiff for the wrongful death of Chris.

72. As a direct and proximate result of Chris's wrongful death, his heirs at law have been deprived of the net economic value of his earnings for the remainder of his life expectancy, as well as his protection, care, assistance, society, companionship, comfort, guidance, effects, offices and services. Plaintiff is entitled to recover in excess of $25,000 in damages from Defendants, pursuant to N.C.G.S. §28A-18-2.

## FIFTH CAUSE OF ACTION
[Punitive Damages]

73. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

74. Defendants' actions as alleged hereinabove constitute willful and wanton conduct, as set forth in N.C.G.S. §1D.

75. Pursuant to N.C.G.S. § 1D, Plaintiff is entitled to recover punitive damages from Defendants, jointly and severally, in an amount to be determined by a jury, for not less than $25,000.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

1. That Plaintiff have and recover of Defendants, jointly and severally, an amount exceeding $25,000 for Defendants' violations of 42 U.S.C. § 1983;

2. That Plaintiff have and recover of Defendants, jointly and severally, an amount exceeding $25,000 for Defendants' negligence, gross negligence, assault, battery, and the wrongful death of Chris;

3. Grant Plaintiff punitive damages against Defendants, jointly and severally, for their malicious, and willful and wanton conduct, pursuant to N.C.G.S. §§ 1D-1, *et seq*;

4. That Plaintiff have a trial by jury on all issues so triable;

5. That Plaintiff recover from Defendants the costs of this action and her reasonable attorney's fees to the fullest extent allowed by North Carolina law; and

6. That Plaintiff be granted all other relief, both legal and equitable, which the Court deems just and proper.

This the 1st day of September, 2021.

JAMES, McELROY & DIEHL, P.A.

*/s/ J. Alexander Heroy/cdw*
J. Alexander Heroy
Jennifer M. Houti
525 N. Tryon Street, Ste. 700
Charlotte, North Carolina 28202
Telephone: (704)372-9870
Facsimile: (704) 350-9332
Email: aheroy@jmdlaw.com;
jhouti@jmdlaw.com
*Attorneys for Plaintiff*

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| | SUPERIOR COURT DIVISION |
| COUNTY OF IREDELL | 21-CVS-2476 |

AMY RHINEHARDT CRAVEN, as
Administratrix of the Estate of
CHRISTOPHER KIMMONS CRAVEN,

    Plaintiff,

v.

CHRISTOPHER NOVELLI, individually
and in his official capacity as Officer of
the Mooresville Police Department,
ALEXANDER ARNDT, individually and
in his official capacity as Officer of the
Mooresville Police Department, and the
TOWN OF MOORESVILLE,

    Defendants.

**ACCEPTANCE OF SERVICE**

The undersigned attorney for Defendant Christopher Novelli (collectively, "Defendant Novelli") in the above-captioned action hereby accepts service of the Summons issued to Defendant Christopher Novelli, the Complaint filed in this action, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Christopher Novelli. The undersigned stipulates that service of the above has been made in this action as of the date signed below. Further, the undersigned attorney stipulates that he is authorized to accept service of process on Christopher Novelli, and hereby waive further service of process of the above-referenced documents.

This the 4 day of November, 2021.

                                                      Patrick Flanagan
                                                      Cranfill Sumner
                                                      2907 Providence Road, Ste. 200
                                                      Charlotte, North Carolina 28211
                                                      Via e-mail: phf@cshlaw.com
                                                      Attorney for Christopher Novelli

1

STATE OF NORTH CAROLINA　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
IREDELL COUNTY　　　　　　　　　　　　21 CVS 2476

AMY RHINEHARDT CRAVEN, as　　　　)
Administratrix of the Estate of　　　　　)
CHRISTOPHER KIMMONS CRAVEN,　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
CHRISTOPHER NOVELLI, individually　)　　**ACCEPTANCE OF SERVICE**
and in his official capacity as Officer of　)
Mooresville Police Department,　　　　)
ALEXANDER ARNDT, individually and　)
in his official capacity as Officer of the　　)
Mooresville Police Department, and the　)
TOWN OF MOORESVILLE,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

The undersigned hereby accepts service of the Summons issued to Defendant Town of Mooresville, the Complaint filed in this action, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant the Town of Mooresville. The undersigned stipulates that service of the above has been made in this action as of the date signed below. Further, the undersigned stipulates that he is authorized to accept service of process on the Town of Mooresville, and hereby waive further service of process for the above-referenced documents.

This the ____ day of November, 2021.

　　　　　　　　　　　　　　　　　　　CRANFILL SUMNER LLP

　　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　Patrick H. Flanagan, NC Bar #17407
　　　　　　　　　　　　　　　　　　　Attorney for Town of Mooresville
　　　　　　　　　　　　　　　　　　　2907 Providence Road, Suite 200
　　　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28211
　　　　　　　　　　　　　　　　　　　Telephone (704) 332-8300
　　　　　　　　　　　　　　　　　　　Facsimile (704) 332-9994
　　　　　　　　　　　　　　　　　　　phf@cshlaw.com

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF IREDELL      21-CVS-2476

AMY RHINEHARDT CRAVEN, as
Administratrix of the Estate of
CHRISTOPHER KIMMONS CRAVEN,

    Plaintiff,

v.

CHRISTOPHER NOVELLI, individually      ACCEPTANCE OF SERVICE
and in his official capacity as Officer of
the Mooresville Police Department,
ALEXANDER ARNDT, individually and
in his official capacity as Officer of the
Mooresville Police Department, and the
TOWN OF MOORESVILLE,

    Defendants.

    The undersigned attorney for Defendant Alexander Arndt (collectively, "Defendant Arndt") in the above-captioned action hereby accepts service of the Summons issued to Defendant Alexander Arndt, the Complaint filed in this action, as well as Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Alexander Arndt. The undersigned stipulates that service of the above has been made in this action as of the date signed below. Further, the undersigned attorney stipulates that he is authorized to accept service of process on Alexander Arndt, and hereby waive further service of process of the above-referenced documents.

    This the 8 day of November, 2021.

                                                Patrick Flanagan
                                              Cranfill Sumner
                                              2907 Providence Road, Ste. 200
                                              Charlotte, North Carolina 28211
                                              Via e-mail: phf@cshlaw.com
                                              Attorney for Christopher Novelli

1