IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:21-cv-174-KDB-DSC

|  |  |  |
|---|---|---|
| AMY RHINEHART CRAVEN, as Administratrix of the Estate of CHRISTOPHER KIMMONS CRAVEN, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CONSENT PROTECTIVE ORDER** |
| CHRISTOPHER NOVELLI, individually and in his official capacity as Officer of the Mooresville Police Department, ALEXANDER ARNDT, individually and in his official capacity as Officer of the Mooresville Police Department, and the TOWN OF MOORESVILLE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Counsel for the parties herein and the North Carolina State Bureau of Investigation (hereinafter "SBI") stipulate to the entry of this Protective Order allowing release of SBI File No. 2020-02140 to counsel for the parties herein based upon the following facts and conditions:

1.     The parties, in the course of this action, have requested the release of the SBI investigative file into the incident which occurred on August 2, 2020 regarding Christopher Craven.

2.     The SBI investigative file appears to be material and relevant to the subject matter involved in this matter.

3.     The following definitions apply herein:

    a.     "SBI Report" refers to the materials contained in SBI File No 2020-02140, including, but limited to, any related photographs taken in conjunction with the investigation into the aforementioned death.

    b.     "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    c.     "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

d. "Parties" means Plaintiff and Defendants in this action.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties for the following reasons:

   a. No policy reason exists for denial of the request of the parties for production of this material.

   b. There is no prejudice to the SBI by releasing this material.

   c. There are no identities of persons contained in this material which need to be protected, and

   d. Any criminal investigation which might have been the subject of this file has been concluded.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.

   a. The Court and its staff.

   b. The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents.

   c. Any potential or actual deposition or trial witness when the documents are materially related to the questions asked to or testimony of such witness.

   d. Mediators.

   e. Consultants and technical experts involved in the preparation of this action.

   f. Court reporters, their transcribers, assistants and employees.

   g. The jury and trier of fact.

6. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

7.    Counsel may make copies of material contained within the SBI Report for Plaintiff or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff or Defendants' experts read, acknowledge and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

8.    The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on any applicable grounds.

9.    This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**SO ORDERED.**                    Signed: January 19, 2022

_____
David S. Cayer
United States Magistrate Judge

**AGREED TO BY:**

/s/ J. Alexander Heroy
J. Alexander Heroy
Jennifer M. Houti
JAMES, McELROY & DIEHL, P.A.
525 N. Tryon Street, Suite 700
Charlotte, NC 28202
Email: aheroy@jmdlaw.com
Email: jhouti@jmdlaw.com
*Attorneys for Plaintiff*

/s/ Patrick H. Flanagan
Patrick H. Flanagan
*Attorneys for Defendants*
Cranfill, Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
Email: phf@cshlaw.com

/s/ Jennifer Joy Strickland
J. Joy Strickland
Deputy General Counsel
North Carolina State Bureau of Investigation
3320 Garner Road
Raleigh, North Carolina 27610
(919) 582-8524
E-mail: jstrickland@ncsbi.gov